## WILLIAM COWEN

*v.*

## EDGAR LOOMIS.

1. SPECIFIC PERFORMANCE—*against subsequent purchaser.* Where A sold a part of a block of land to B, giving a contract for a deed upon the payment of certain specified sums, which was duly recorded, and B then sold C a lot included in his purchase and received a part of the purchase money and was to convey the same to C upon full payment, and C took and retained possession of his lot, but, before completing his payments, B reconveyed all his interest in the block to A, who conveyed the same to D, it was *held,* that C, upon tendering the balance due from him to B, to C or D after B conveyed, would have been entitled to a deed, and a court of equity would have decreed one.

2. NOTICE—*by possession of land.* The possession of land by a party is notice to all persons of whatever title or equities he may have, whether of record or not.

3. MORTGAGE—*agreement to release on condition.* Where a mortgagee agrees with a purchaser from the mortgagor, upon certain payments being made by the mortgagor, to hold a certain half of the mortgaged premises liable for only one-half of the residue of the mortgage debt, and the purchase is made on the faith of such agreement, which is duly recorded, and the full amount necessary to release the half of the premises is paid in accordance with the contract, a lot in such half bought from the purchaser of the mortgagor will become released from the mortgage, and a sale of such lot made under a power in the mortgage, the latter purchaser being in possession, will be a nullity and pass no title.

4. SALE—*when subject to equitable title.* Where A, the owner of a block of land subject to a mortgage thereon given by him, sold one-half of such block to B, who purchased upon an agreement in writing of the mortgagees to release such half from the lien of the mortgage, upon certain payments being made by the mortgagor, which agreement with the contract of purchase was duly recorded, and B then sold a lot in such half block to C, who went into possession, and the payments were made to the mortgagees in accordance with the agreement to release, and B, before full payment by C to him, conveyed to A all his interest in the half block, and A conveyed the same to D, it was *held,* that A and D, by the respective conveyances to them, having notice of the prior sale to C, took the title subject to C's equitable rights, which a court of equity would have enforced on a tender of the balance due from C, and that C, having procured a conveyance from D without proceedings for specific performance, acquired the legal title under the purchase of B from A, and held the same discharged from the lien of the mortgage.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. ·

This was an action of ejectment, brought by Edgar Loomis, against William Cowen, for the recovery of the possession of lot 17, in the subdivision of the west half of block 90 of Canal Trustees' Subdivision of the west half of section 27, township 39, range 14, Cook county.

On the 23d day of May, 1856, Winchester Hall purchased of Enos Ayers and J. G. Hamilton block 90, including the lot in controversy, for $26,000, paying down $6500, and giving his six promissory notes, two of which were for $3835 each, two for $3640 each, and the other two for $3435 each, payable two at the same time, in one, two and three years, with 6 per cent thereon, and to secure their payment executed to said Ayers and Hamilton a deed of trust upon the block so purchased.

On March 23, 1857, Winchester Hall and Joseph Smith entered into an agreement in writing by which Hall sold Smith the west half of said block for the sum of $18,000, $4500 of which was then paid, the balance to be paid in three equal annual installments. Previous to the making of such purchase, Hall had, at the instance of Smith, procured the agreement from Ayers and Hamilton, set out in the opinion, which was written on the back of Smith's agreement to purchase, both of which were duly recorded. The judgment below was for the plaintiff. The other material facts appear in the opinion.

Mr. C. M. HARRIS, for the appellant.

Messrs. MONROE, BISBEE & BALL, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This case stands upon a different footing from that of *Bush et al.* v. *Sherman*, 80 Ill. 160. In that case neither Smith nor

his grantee was seeking to enforce the contract of March 23, 1857, under which the mortgagees, Ayers and Hamilton, agreed, upon certain conditions, to release the west half of block 90, while here, appellant claims title under a contract of purchase made with Smith. In the decision of the case *supra* it is said: "It is a misconception of the meaning of the agreement to suppose that Hall, by reason of the reconveyance of the property to him by Smith, obtained it with the privilege of having future payments applied in reduction of the incumbrance upon the west half. Clearly, any one claiming under Smith as grantee would be entitled to the benefit of the contract, but Hall claimed nothing as the grantee of Smith."

The main inquiry in this case, then, is, whether appellant established title under Smith. If he did, under the decision cited he will be entitled to protection.

It appears, from the proof offered on the trial, that on the 23d day of March, 1857, Joseph Smith bought the west half of block 90 of Winchester Hall, and on that day received a contract providing for a deed upon the payment of certain specified sums of money at specified times named in the contract. On the same date Ayers and Hamilton, who held a mortgage on the land, entered into a writing on the back of said contract, to the following effect:

"In event of the payment to us by Winchester Hall, at maturity, of the installments due on May 23, 1857, the undersigned agree to hold the west half of block 90, as described within, liable for only one-half the residue of the unpaid purchase money owing to us by said Hall, not meaning hereby to release said Hall from the payment of any portion of the unpaid purchase money.

*Chicago, March* 23, 1857.

(West half of block 90.)　　　　　　　　　ENOS AYERS,

　　　　　　　　　　　　　　　　　　　　　J. G. HAMILTON."

On the day following, these two contracts were duly recorded, and during the same month, Smith, by his contract in writing,

sold the lot in question, which is a part of block 90, to appellant for the sum of $625. Appellant paid Smith on the contract $181, and in the year 1858 he went into the possession of the property, and has remained in possession ever since.

It was also proven that the installments mentioned in the contract executed by Ayers and Hamilton as due May 23, 1857, were paid at maturity, and that one half of the balance of the unpaid purchase money due from Hall on the premises was paid to Hamilton and Ayers, being the full amount required by their agreement with Smith to clear the west half of the block from the mortgage.

It is true the contract between Hall and Smith contained a clause of forfeiture in case of non-payment of the purchase money, and if Hall had declared a forfeiture, possibly appellant's title to the lot obtained of Smith might have been terminated, but this record fails to show a forfeiture of the contract. On the other hand, it appears that Smith conveyed his interest in the west half of the block to Hall on the 28th day of May, 1860, by deed of that date, and upon this account appellant made no further payments on the lot in question to Smith.

On the 5th day of June, 1860, Hall conveyed the west half of the block to Louis Bush, and on the 5th day of February, 1871, Bush conveyed the lot in question to appellant. In regard to this deed, Hall testified that it was made because Cowan held a contract under Smith and claimed some interest under and by virtue of this contract. But whether the deed was made for this reason or not cuts no figure in the case. As Smith had sold the lot to appellant, and appellant was in possession under that title when Smith conveyed to Hall, he took the conveyance subject to appellant's title, and the same is true of Bush, and appellant, had he seen proper, by paying or tendering the balance due Smith, under the contract, to Hall or Bush after Smith conveyed, would have been entitled to a deed, and a court of equity would have decreed a deed. If appellant saw proper to pay Bush more than the original

contract price rather than file a bill for specific performance, such fact does not militate against his title. When Bush conveyed to him, the deed related back to and confirmed the sale made by Smith to him.

Sherman, when he made sale under the mortgage bought of Ayers and Hamilton, had notice of the contract between Hall and Smith and also notice of the agreement of Ayers and Hamilton, under which the west half of the block would be released from the mortgage, as these contracts were all upon record. He also had notice of the title of appellant in the lot involved in this action, as appellant was in possession, and his possession was notice to all persons of whatever title he had, whether of record or not. Now, while it may be true that Hall was estopped from claiming that the west half of the block was released from the mortgage in consequence of the payments having been made thereon in full compliance with the agreement of March 23, 1857, executed by Ayers and Hamilton, yet, appellant, having claimed title under Smith, for whose benefit the contract to release was made, has a perfect right to rely upon the terms and conditions of that contract, and invoke its aid to protect him in his title.

In so far as appellant's rights are involved, when the money was paid, according to the terms of the contract of March 23, 1857, the lot he had purchased of Smith became released from the mortgage, and the sale of his lot under the mortgage was a nullity and passed no title.

We are of opinion, under the evidence, the defendant established title to the lot in question, and the court erred in rendering judgment against him.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT: I can not concur in this decision. In *Sherman* v. *Bush*, 80 Ill. 168, this court decided the west half of the property *was not released* from the mortgage given to secure the purchase money, and that the sale thereafter made

by the trustee was effectual to bar the rights of the mortgagor and all parties claiming under him as grantees or otherwise. That decision, in my opinion, is conclusive of the case at bar, and ought to be allowed to control the present decision.

The judgment of the court below is in conformity with our previous decision and ought to be affirmed.

Mr. Justice Dickey : I concur with Mr. Justice Scott. The agreement indorsed on the back of the mortgage, and signed by Ayers and Hamilton, simply limited the amount for which the west half should be held to one-half of the balance of the purchase money to remain after payment of the installment of May 23, 1857. After that payment was made, Hall was personally liable for the whole of the balance unpaid, and the creditor had a lien on the west half of the land for one-half of that balance, and a lien on the east half for the whole of that balance. The creditor afterwards received payments on this balance of moneys, amounting to one-half of this balance, which payments were applied generally in reduction of the debt and which were not applied specially in payment of that part of the debt for which the west half of the land was sold. In this state of the case the creditor, having given the required notice, sold under the power in the mortgage, and in the sale the west half of the land was sold. It seems to me that Cowan, when this property was advertised for sale, might have intervened, and, upon proper application to a court of chancery, might have had an order requiring the creditor to have sold the other parts of the land before subjecting the west half to sale. Having had notice that the sale would be made, and having failed to intervene for the control of the sale, his rights in that regard were terminated by the sale and he can not now ask for relief.